```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA
                          Alexandria Division

In Re: Molyna Sak                  : Case No. 09-12338-SSM
       Lalune Sak                  :
                                   :
       Debtors,                    :
                                   :
Vourrit Keosann et al.             :
                                   :
            Plaintiffs             :
                                   :
v.                                 : Adv. Proceeding No. 09-01187-SSM
                                   :
Molyna Sak                         :
                                   :
       Defendant.                  :
```

MEMORANDUM IN SUPPORT OF DEBTOR/DEFENDANT'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Comes now debtor/defendant, Molyna Sak, by counsel and in support of her motion to dismiss the adversary procedure pursuant to Bankruptcy Rule 7012 or in the alternative to grant debtor/defendant summary judgment pursuant to Bankruptcy Rule 7056 states as follows:

BACKGROUND

Debtor/Defendant filed bankruptcy under Chapter 7.  Prior to the bankruptcy, Molyna Sak was sued together with a number of individuals by the Keosann's in the Circuit Court of Fairfax County (Case No. 2007-1246 filed January 2007).  On July 27, 2007 the Circuit Court entered a default judgment against a number of the Defendants including Molyna Sak based on their failure to respond to the lawsuit.  This is the Order attached to Plaintiff's lawsuit and referenced in paragraph 38 of the Complaint Objecting to Dischargeability.  Plaintiff's Complaint does not inform the Court that this default judgment as to Molyna Sak was set aside by the Circuit Court of Fairfax County based

on the failure to serve Molyna Sak. (Exhibit 1). Thereafter, Plaintiffs nonsuited the action as to Molyna Sak (see Exhibit 2) and after about 6 months refiled essentially the same action as Case No. 2008-15936 in the Circuit Court of Fairfax County on December 3, 2008. After Molyna Sak filed bankruptcy, Plaintiffs filed this adversary proceeding using largely the same complaint that they filed twice in Fairfax County.

The only part Molyna Sak had in the various actions complained of by Plaintiffs was the notarization of a deed in December 2004. This notarization was of the signatures of both Plaintiffs although only Ms. Keosann had given a power of attorney for her signature (Exhibit 4). The Complaint acknowledges that the Keosann's have never met Molyna Sak (Complaint paragraph 22). The discovery answers signed by the Keosanns in the 2008 case acknowledges that they have no knowledge of any actions by Molyna Sak prior to the date that she notarized the document or after the date she notarized the deed (Exhibit 3). This was Plaintiffs' knowledge as to Molyna Sak after several years of litigating essentially the same action against all the individuals mentioned in the complaint.

## I. DISCHARGEABILITY IS PROPER

Plaintiffs base their objection to dischargeability on 11 U.S.C. 523A(2), (4) and (6). None of these sections warrants a finding that any debt to the Plaintiffs is nondischargeable.

First, 11 U.S.C. 523A(2) requires that there be a nondischargeable debt from the debtor and that the debtor obtain something of value from Plaintiffs. (In re Vamvakaris, Bkrcy. E.D.Va 1996, 197 B.R. 228; In re Roundtree, E.D.Va 2004, 330 B.R. 166, affd.

478 F.3d 215).  Here, Plaintiffs concede that Molyna Sak never had any contact with Plaintiffs.  There was never an extension of credit or any debt created between Plaintiffs and Molyna Sak.  Therefore, 11 U.S.C. 523A(2) is not a proper statute to deny dischargeability.

Second, 11 U.S.C. 523A(4) requires that the debtor stand as a fiduciary to the Plaintiffs.  Here, Plaintiffs concede that they have never met Molyna Sak or had any dealings with her.  They have never conferred any fiduciary obligations on Molyna Sak.  Therefore, 11 U.S.C. 523A(4) is not a proper statute to deny dischargeability.  See: In re Jacone, Bkrtcy. S.D.N.Y. 1993, 156 B.R. 740.

Third, 11 U.S.C. 523A(6) requires that debtor have caused a willful and malicious injury to Plaintiffs.  The Complaint fails to allege that Molyna Sak had any ill will toward Plaintiffs or maliciously caused them injury.  All the Complaint alleges as to Molyna Sak is that she notarized a deed where others had obtained financial information from Plaintiffs sufficient to obtain a loan in their names.  Courts have held that nondischargeability of debt under willful and malicious injury exception cannot be grounded on imputation to debtor of the acts of another. In re Maltais, Bkrtcy.D.Mass. 1996, 202 B.R. 807.

The Courts have held that a complaint as to dischargeability must have a factual basis as to the debtor.  Here, there is no evidence that Molyna Sak did anything other than make a mistake and notarize two signatures on a deed when she only had a power of attorney allowing notarization of one of the signatures.  The bankruptcy courts have found it improper to allow a fishing expedition where there is no evidence that actions warranting nondischargeability are present.

That is exactly the posture of the present complaint by Plaintiffs despite over two years of litigation against a number of individuals that are named in the complaint.

**II.    SUMMARY JUDGMENT IS WARRANTED**

The Plaintiffs have been able to suggest from the notarization of a document by Molyna Sak that she participated in a wide ranging conspiracy to defraud Plaintiffs.  The Complaint is nebulous as to the actions of Molyna Sak with the exception of notarizing a deed on December 8, 2004.  The reason that there is no factual underpinning set forth in the Complaint is that Plaintiffs Complaint is simply conjecture.  This is confirmed by Plaintiffs' responses to discovery in the second civil action they filed against Molyna Sak in Fairfax County where they admit they know of no actions of Molyna Sak other than on the day she notarized the deed that is cited in the Complaint. This fact alone is insufficient to sustain a claim against Molyna Sak which would be nondischargeable under the Bankruptcy Code.  Below Debtor/Defendant has listed the undisputed material facts related to this matter under which summary judgment is warranted in favor of Molyna Sak.

**III.    UNDISPUTED MATERIAL FACTS**

1.    Plaintiffs Vourrit Keosann and Bunnara Chhim Keosann, met and provided financial information to the Tengs as asserted in the Complaint.

2.    The Tengs and others used such financial information to secure a loan on property in the names of the Plaintiffs.

3.    Plaintiffs, after finding out about the loan negotiated with the

lender to secure additional time and ultimately filed a lawsuit against the lender.

4. Plaintiffs brought a suit against a number of individuals in the Circuit Court of Fairfax County in January 2007 seeking damages. The Circuit Court entered a default judgment against a number of the defendants including Molyna Sak based on failure to file an answer.

5. The Fairfax County Circuit Court ordered that the default judgment against Molyna Sak be set aside after ruling that the service of process on Molyna Sak was deficient.

6. The Plaintiffs thereafter non-suited the case as to Molyna Sak and in December 2008 refiled essentially the same case against Molyna Sak. In the 2008 action against Sak, the Plaintiffs stated under oath in response to interrogatories that they had no evidence that Molyna Sak had any contact with the other defendants or did anything other than on the day she notarized a deed.

7. Prior to the notarization of the deed in December 2004, one of the Plaintiffs had signed a power of attorney allowing deeds to be signed.

8. Debtor Sak had no involvement with all the financial transactions with the Plaintiffs other than to notarize a deed of trust.

9. Debtor Sak received nothing from the financial transactions by the Keosann's.

10. Debtor Sak has never met the Keosann's or had any relationship with them.

11. Debtor Sak has never been a fiduciary or had a fiduciary relationship with the Keosanns.

12. The Keosanns have never transacted any business with debtor Sak.

13. The Keosanns have never lent any money to Debtor Sak nor had any

debt involving property, services or an extension, renewal or refinancing of credit with Defendant Sak.

14. Debtor Sak has never acted in a wilful or malicious way toward the Keosanns.

## CONCLUSION

For the above stated reasons, Debtor/Defendant Molyna Sak requests the Court to dismiss this action and/or grant her summary judgment in this matter.

                                      Molyna Sak
                                      By Counsel

_____/s/_____
Nils G. Peterson
VA Bar No. 29547
2009 N. 14th Street, Suite 708
Arlington, VA  22201
703-527-9900

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing has been served via the Court's ECF system on:

Robert L. Vaughn Esq.
O'Connor and Vaughn
11490 Commerce Park Drive, Suite 510
Reston, VA  20191

                                        _____/s/_____
                                        Nils Peterson